UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHIN MOHAMED, individually and on behalf of all others similarly situated,

                Plaintiff,

-v-

CITY OF NEW YORK,

                Defendant.

CIVIL ACTION NO. 24 Civ. 6742 (SLC)[1]

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73. (Dkt. No. 126). Plaintiffs have submitted a letter on behalf of all parties in support of settlement (Dkt. No. 133); a proposed settlement agreement (Dkt. No. 133-1 (the "Agreement")); a proposed Order (Dkt. No. 133-2); and a declaration from Plaintiffs' counsel attaching attorneys' fees invoices and a letter to Plaintiffs informing them of the settlement in this case (Dkt. Nos. 133-3–133-5) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

Where a proposed settlement of FLSA claims includes fees and costs, "district courts will . . . evaluate the reasonableness of the fees and costs." Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020) (citing Cheeks, 796 F.3d at 206). "Recoverable costs are 'those reasonable out-

---

[1] This action ("Mohamed") is consolidated for settlement purposes with the action captioned Torres v. City of New York, No. 24 Civ. 9304 (SLC) ("Torres"). (Dkt. No. 101). The parties, however, have agreed that Mohamed and Torres shall proceed separately for the purposes of Cheeks approval. (Dkt. No. 124). Accordingly, given that this Order only concerns the motion for settlement approval in Mohamed, (Dkt. No. 133), this Order will only be docketed in Mohamed.

of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" Burns v. Scott, No. 20 Civ. 10518 (JGK) (SLC), 635 F. Supp. 3d 258, 285 (S.D.N.Y. 2022) (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)). "The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." Fisher, 948 F.3d at 600 (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)); see Rodriguez v. Clearbrook Mgmt. Inc., No. 22 Civ. 4422 (JLR) (SLC), 2022 WL 17325813, at *1 (S.D.N.Y. Nov. 28, 2022) (directing the parties to provide documentary evidence of fees and costs to assess reasonableness of settlement agreement).

Although Plaintiffs provide authority to support that a lodestar crosscheck is unnecessary here in light of the fee agreements between each of the Plaintiffs and their counsel (Dkt. No. 133 at 11–12), the Agreement also contemplates that "Plaintiffs' Counsel will deduct their litigation expenses . . . prior to distributing to all Plaintiffs their liquidated damages share of the Lump Sum Amount," (Dkt. No. 133-1 at 3–4). Plaintiffs, however, have submitted neither their engagement letters with their counsel nor documentation supporting their request for litigation expenses, such as receipts or invoices, without which the Court cannot complete its review of the proposed settlement. See Suriel v. Cruz, No. 20 Civ. 8442 (VSB) (SLC), 2022 WL 1750232, at *18 (S.D.N.Y. Jan. 10, 2022) (recommending denial of postage costs where party failed to submit documentation substantiating the amounts reflected in attorney billing records), adopted by, 2022 WL 1751163 (S.D.N.Y. May 31, 2022); Inga v. Nesama Food Corp., No. 20 Civ. 0909 (ALC) (SLC), 2021 WL 3624666, at *15 (S.D.N.Y. July 30, 2021) (recommending denial of process fee, photocopying, and mailing costs that lacked documentary support), adopted by, 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021).

Accordingly, by **February 18, 2026**, Plaintiffs' counsel shall submit: (i) copies of Plaintiffs' retainer agreement or engagement letter with counsel; and (ii) appropriate costs documentation corresponding with the requested amount of costs in the proposed settlement.

Dated:     New York, New York
           February 17, 2026

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**